**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Carbajal, a single man; and Mary E. Carbajal, a widow,<br><br>              Plaintiffs,<br><br>vs.<br><br>David A. Dorn and Jane Doe Dorn, husband and wife; Dorn Agency, Inc., an Arizona corporation; and Liberty Life Insurance Co., a South Carolina corporation,<br><br>              Defendants. | No. CV-09-283-PHX-DGC<br><br>**ORDER** |

Defendant Liberty Life Insurance Co. ("Liberty") has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For reasons stated below, the Court will deny the motion.[1]

**I.    Background.**

Plaintiffs' claims concern life insurance policies issued by Liberty under the terms of an employee benefit plan operated by Plaintiffs' employer, D.M.C. Boxing, Inc., which insure the lives of Plaintiffs Michael and Mary Carbajal (the "Liberty policies"). Dkt. #1 at 10-19, 25-42. David Dorn and the Dorn Agency were Plaintiffs' agents for purchase of the

---

[1] Liberty's request for oral argument is denied because the parties have fully briefed the issues (Dkt. ##5, 12, 13) and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78; *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

life insurance policies. *Id.* at 10-19, ¶ 44. Plaintiffs allege that the Dorn defendants conspired with Danny Carbajal (Michael's brother and Mary's son) to fraudulently change the ownership of and beneficiary designations on the Liberty policies. *Id.* Plaintiffs filed suit in Arizona state court on January 9, 2009, alleging breach of fiduciary duty and negligence against the Dorn defendants, and seeking judicial reformation of the Liberty policies to reflect Michael and Mary Carbajal as owners of the policies with their choice of beneficiaries. *Id.* ¶¶ 43-56. Liberty removed the case to this Court on February 11, 2009, alleging federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA). Dkt. #1 at 1-4. Liberty simultaneously moved to dismiss Plaintiffs' claims against it, arguing that it is not a proper party to the action. Dkt. #5.

## II.     Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, the complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

## III.    Discussion.

### A.    Plaintiffs' Claim for Reformation Under ERISA.

Liberty argues that Plaintiffs' claims arise under 29 U.S.C. § 1132(a)(1)(B), which permits an ERISA plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Actions brought under § 1132(a)(1)(B) "may be enforced 'only against the plan as an entity and shall not be

enforceable against any other person unless liability against such person is established in his individual capacity.'" *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 753 (9th Cir. 2001); *see also Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005) (noting that under section 1132(a)(1)(B), a claimant "may not sue the plan's *insurer* for additional ERISA plan benefits" (emphasis in original)).

Plaintiffs respond that because they are not seeking damages from Liberty, but only equitable reformation of the insurance policies, "if ERISA preemption applies to [their] claims, the preemption would convert their equitable state claims to claims pursuant to 29 U.S.C. § 1132(a)(3)," not claims arising under 1132(a)(1)(B). Dkt. #12 at 4. Section 1132(a)(3) provides that a participant, beneficiary, or fiduciary of an ERISA plan may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). "Liability under § 1132(a)(3) is not limited to the plan itself or its fiduciary." *Everhart*, 275 F.3d at 753 (citing *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 247 (2000)).

The question, then, is whether Plaintiffs' claim for reformation of the policies falls within section 1132(a)(1)(B) or 1132(a)(3). The Court finds both *Everhart* and *Ford* distinguishable. In both those cases, plaintiff beneficiaries brought suit under section 1132(a)(1)(B) seeking recovery of benefits under their ERISA plans. *See Everhart*, 275 F.3d at 753; *Ford*, 399 F.3d at 1078.[2] That is not the case here. Reformation is a remedy that "can only be characterized as arising under 29 U.S.C. § 1132(a)(3)." *Ross v. Rail Car America Group Disability Income Plan*, 285 F.3d 735, 740-41 (8th Cir. 2002) (stating that Plaintiff's request to reform his employer disability plan was not one for benefits under section

---

[2]Ford asserted claims under sections 1132(a)(1)(B) and 1132(a)(2), as well as a claim for "general equitable relief" under section 1132(a)(3). 399 F.3d at 1078. The court found that "[b]ecause Ford asserted specific claims under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(2), she cannot obtain relief under 29 U.S.C. § 1132(a)(3), ERISA's 'catchall' provision." *Id.* at 1083.

1132(a)(1)). Plaintiffs' claims against Liberty seek equitable relief within the scope of section 1132(a)(3).

### B. Section 1132(a)(3) Claims Against Non-Fiduciaries.

Defendant argues that, even assuming Plaintiffs' claims are for equitable relief under § 1132(a)(3), "the defendant must be an ERISA fiduciary" to establish a claim for relief. Dkt. #13 at 4, quoting *Ford*, 399 F.3d at 1082. The Court declines to follow *Ford* on this point, for several reasons. First, *Ford*'s statement that section 1132(a)(3) relief may only be had against an ERISA fiduciary is in direct conflict with the Ninth Circuit's opinion in *Everhart*, which held that "[l]iability under § 1132(a)(3) is not limited to the plan itself or its fiduciary." *Everhart*, 275 F.3d at 753 (citing *Harris Trust*, 530 U.S. at 247). Until an *en banc* panel reverses course, this Court must follow the Ninth Circuit's earlier decision in *Everhart*. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (holding that neither a district court nor a three-judge panel may overrule a prior decision of the court unless it has been "undercut by higher authority to such an extent that it has been effectively overruled").

*Ford* also relies for the quoted proposition on *Mathews v. Chevron Corp.*, 362 F.3d 1172 (9th Cir. 2004), which in turn relies on the United States Supreme Court's 1996 decision in *Varity Corp. v. Howe* in stating that "[t]o establish an action for equitable relief under ERISA section . . . 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity [internal citation omitted], and must 'violate [] ERISA-imposed fiduciary obligations.'" *Mathews*, 362 F.3d at 1178 (citing *Varity Corp.*, 516 U.S. at 498, 506). This Court does not believe *Varity Corp.* can fairly be read to stand for the proposition that equitable relief may only be had against ERISA fiduciaries.

Even if *Mathews* contains a fair reading of *Varity Corp.*, the Supreme Court's subsequent decision in *Harris Trust* made clear that status as a fiduciary is not required for claims under section 1132(a)(3). *See Harris Trust*, 530 U.S. at 241 (finding that section 1132(a)(3) "admits of no limit . . . on the universe of possible defendants"). This Court is persuaded that *Everhart* correctly followed current Supreme Court precedent in finding that section 1132(a)(3) does not limit the reach of equitable remedies to the plan or its fiduciary.

### C. Issues Raised for the First Time in Reply.

Defendant argues in its reply that if section 1132(a)(3) claims may be brought against non-fiduciaries, "[t]he Ninth Circuit has held that a 'party in interest' may only be a proper party to an equitable claim if that party has engaged in certain transactions prohibited by ERISA." Dkt. #13 at 4 (citing *Rutledge v. Seyfarth*, 201 F.3d 1212, 1221 (9th Cir. 2000)). Liberty also argues in its reply that reformation is not available as an equitable remedy without joinder of Danny Carbajal as a "necessary and indispensable party to this action." Dkt. #13 at 3. "It is well established that issues cannot be raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007). The Court will not consider these issues.

**IT IS ORDERED** that Liberty's motion to dismiss (Dkt. #5) is **denied**.

DATED this 14th day of April, 2009.

_____
David G. Campbell
United States District Judge

- 5 -