**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Carbajal, a single man; and Mary E. Carbajal, a widow,<br><br>  Plaintiffs,<br><br>vs.<br><br>David A. Dorn and Jane Doe Dorn, husband and wife; Dorn Agency, Inc., an Arizona corporation; and Liberty Life Insurance Co., a South Carolina corporation,<br><br>  Defendants. | No. CV-09-283-PHX-DGC<br><br>**ORDER** |

This action concerns life insurance policies covering Michael Carbajal, a retired boxer, and Mary Carbajal, Michael's mother. The policies were issued by Liberty Life Insurance Co. ("Liberty") pursuant to the terms of an employee benefit plan. David Dorn and the Dorn Agency, Inc. were the insurance agents for the purchase of the policies.

Plaintiffs filed suit against Defendants in state court. Plaintiffs allege that David Dorn conspired with Danny Carbajal, Michael's brother and Mary's son, to fraudulently change ownership and beneficiary designations of the Liberty policies. The complaint asserts a breach of fiduciary duty claim (count one) and a negligence claim (count two) against the Dorn Defendants, and seeks reformation of the policies to reflect Michael and Mary Carbajal as the true policy owners with their choice of beneficiaries (count three). Dkt. #1 at 10-19.

The case was removed to this Court based on federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. *Id.* at 1-4.

Liberty filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #5. Liberty asserted that Plaintiffs' claims arise under 29 U.S.C. § 1132(a)(1)(B), which permits an ERISA plan participant or beneficiary to bring a civil action to recover plan benefits, to enforce rights under the plan, or to clarify rights to future benefits under the plan. *Id.* at 3-4. Liberty argued that, as an insurer, it is not a proper party to this case because actions under § 1132(a)(1)(B) may be brought only against the plan itself. *Id.* The Court denied the motion on the ground that the complaint seeks reformation of the Liberty policies and this request constitutes "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3). Dkt. #14.

Liberty has filed a renewed motion to dismiss pursuant to Rule 12(b)(6) and a motion to dismiss under Rule 12(b)(7). Dkt. #32. The motions have been fully briefed. Dkt. ##33, 34. The Dorn Defendants have joined Liberty's Rule 12(b)(7) motion. Dkt. #39. For reasons that follow, the Court will grant in part and deny in part the Rule 12(b)(6) motion and deny the Rule 12(b)(7) motion.[1]

**I.     Rule 12(b)(6) Motion.**

At the case management conference held on June 10, 2009 (Dkt. #21), counsel for Plaintiffs stated that Plaintiffs will be seeking "restoration of some of the benefits" under the policies in order to "compensate them for the losses they sustained and the diminished value of the policies[.]" Dkt. #27 at 3-4. It is now clear, Liberty asserts, that Plaintiffs intend to seek monetary damages against Liberty in the form of restoration of benefits. Dkt. #32 at 3. Liberty argues that such monetary relief does not constitute "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3) and count three must therefore be dismissed. Plaintiffs admit that they are seeking to have the policies "restored to their values prior to the depletion of the policies' benefits." Dkt. #33 at 2. Plaintiffs assert that they are not seeking a "monetary

---

[1] Plaintiffs' request for oral argument is denied because the issues have been fully addressed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

- 2 -

judgment" against Liberty, and that the parties simply have a difference of opinion as to the nature of reformation. *Id.*

In determining whether a claim for equitable relief has been properly brought under 29 U.S.C. § 1132(a)(3), the Court must "look to the 'substance of the remedy sought rather than the label placed on that remedy.'" *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1075 (9th Cir. 2009) (citation and alteration omitted); *see Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993). Plaintiffs allege that the Liberty policies have been reduced in value by as much as $400,000 (Dkt. #27 at 6), and they contend that Liberty should be "ordered to restore to [Plaintiffs] the full benefit of their bargain" (Dkt. #33 at 3). The Court agrees with Liberty that to the extent Plaintiffs seek a restoration of benefits from Liberty in count three, they are in fact seeking "make-whole monetary relief" that falls outside the equitable remedy provisions of § 1132(a)(3). *Paulsen*, 559 F.3d at 1076; *see Mertens*, 508 U.S. at 255; *Bast v. Prudential Ins. Co of Am.*, 150 F.3d 1003, 1010 (9th Cir. 1998) (restitution claim is not proper under § 1132(a)(3) where it would be equivalent to awarding the plaintiffs money damages). The Court will grant Liberty's renewed motion to dismiss with respect to the claim for restoration of benefits. Plaintiffs, however, may still seek, as an appropriate equitable remedy under § 1132(a)(3), reformation of the policies to reflect Plaintiffs as the true policy owners with their choice of beneficiaries. The Court will deny the renewed motion to dismiss to the extent Liberty seeks dismissal of count three in its entirety.

## II. Rule 12(b)(7) Motion.

A Rule 12(b)(7) motion seeks dismissal of an action for failure to join a required party under Rule 19. Rule 19(a) states that a person is a required party, and therefore should be joined, if complete relief cannot be accorded in the person's absence, or the person claims an interest in the subject of the action and disposition of the action in the person's absence may (i) impair the person's ability to protect that interest or (ii) leave any of the existing parties subject to a risk of incurring multiple or inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a)(1)(A)-(B). Rule 19(b) provides that where it is not feasible to join a required party, "the court must determine whether, in equity and good

conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).[2]

Defendants argue that Danny Carbajal is a required party under Rule 19(a). Dkt. ##32 at 6-9, 39 at 1-2. The Court agrees.

Danny Carbajal is the named owner and beneficiary of the Liberty policies. Dkt. #1 at 13-14, 16. He previously has claimed an interest in the Liberty policies. Dkt. #33 at 4. A person in his position generally is a required party to a reformation claim. *See Stenhouse v. Jacobson*, 193 F. Supp. 694, 696 (N.D. Cal. 1961) (named insured, who the plaintiff alleged had no interest in policy benefits, was a necessary party under Rule 19); *see also Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or contract, all parties who may be affected by the determination of the action are indispensable."); *Va. Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998) (same). A decision that the Liberty policies should be reformed as requested in count three clearly would affect Danny Carbajal's interest in those policies. The resolution of count three in his absence may subject Liberty to a risk of multiple or otherwise inconsistent judgments. *See Stenhouse*, 193 F. Supp. at 696. The Court concludes that, with respect to count three, Danny Carbajal is a required party under Rule 19(a).

Defendants contend that, because he is the plan fiduciary, Danny Carbajal is a required party with respect to the breach of fiduciary duty claim asserted in count one. Dkt. ##32 at 8, 39 at 2. But Defendants do not explain why, in his absence, complete relief on count one cannot be accorded, nor have Defendants shown that the resolution of count one may subject them to a risk of multiple or inconsistent obligations. The Court cannot conclude that Danny Carbajal is a required party with respect to count one.

---

[2]The language of Rule 19 was amended as part of the general restyling of the rules in 2007. The word "required" replaced the word "necessary" in subsection (a), and the word "indispensable" in subsection (b) has been deleted as redundant. *See* Fed. R. Civ. P. 19 advisory committee's note, 2007 amendment; *Republic of the Philippines v. Pimental*, --- U.S. ---, 128 S. Ct. 2180, 2184 (2008).

Defendants assert that "equity and good conscience warrant dismissal" under Rule 19(b) (Dkt. #32 at 8), but dismissal is a "last resort measure" to be taken only if Danny Carbajal cannot be joined. *Three Rivers Cablevision, Inc. v. City of Pittsburgh*, 502 F. Supp. 1118, 1137 (W.D. Pa. 1980). Rule 19(a) makes clear that a required party "must be joined" if he is subject to service of process and joinder will not defeat subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Danny Carbajal is subject to service of process as he is incarcerated in Arizona (Dkt. #1 at 17, ¶ 39), and his joinder will not defeat federal question jurisdiction. The Court will require Plaintiffs to file an amended complaint naming Danny Carbajal as a defendant to the reformation claim asserted in count three. *See* Fed. R. Civ. P. 19(a)(2); *Stenhouse*, 193 F. Supp. at 696; *see also* Dkt. #33 at 5. The motion to dismiss under Rule 12(b)(7) will be denied.

### III. Conclusion.

The Court will grant Liberty's renewed motion to dismiss pursuant to Rule 12(b)(6) with respect to any claim against Liberty for a restoration of policy benefits. The motion is denied to the extent count three seeks reformation of the policies to reflect Plaintiffs as the true policy owners with their choice of beneficiaries. The Court finds that Danny Carbajal is a required party as to count three. Because he can be joined as a party, the motion to dismiss pursuant to Rule 12(b)(7) will be denied.

**IT IS ORDERED:**

1. Defendant Liberty Life Insurance Co.'s motion to dismiss under Rule 12(b)(6) (Dkt. #32) is **granted in part** and **denied in part** as set forth in this order.
2. Defendants' motion to dismiss under Rule 12(b)(7) (Dkt. ##32, 39) is **denied**.
3. Plaintiffs shall, by **November 20, 2009**, file an amended complaint naming Danny Carbajal as a defendant to the reformation claim asserted in count three.
4. Plaintiffs shall serve process on Danny Carbajal by **December 18, 2009**.

5. The dates and deadlines set forth in the case management order (Dkt. #22) shall remain in effect.

DATED this 5th day of November, 2009.

*David G. Campbell*
United States District Judge