**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Carbajal, a single man; and Mary E. Carbajal, a widow, <br><br> Plaintiffs, <br><br> vs. <br><br> David A. Dorn and Jane Doe Dorn, husband and wife; Dorn Agency, Inc., an Arizona corporation; Liberty Life Insurance Co., a South Carolina corporation; and Danny Esquer Carbajal, a single man, <br><br> Defendants. | No. CV-09-283-PHX-DGC <br><br> **ORDER** |

This action concerns life insurance policies covering Michael Carbajal, a retired boxer, and Mary Carbajal, Michael's mother. The policies were issued by Liberty Life Insurance Co. ("Liberty") pursuant to the terms of an employee benefit plan. David Dorn and the Dorn Agency, Inc. were the insurance agents for the purchase of the policies.

Plaintiffs filed suit against Liberty and the Dorn Defendants in January 2009. Plaintiffs allege that David Dorn conspired with Danny Carbajal, Michael's brother and Mary's son, to fraudulently change ownership and beneficiary designations of the Liberty policies. The complaint asserted a breach of fiduciary duty claim (count one) and a negligence claim (count two) against the Dorn Defendants, and sought reformation of the policies to reflect Michael and Mary Carbajal as the true policy owners with their choice of beneficiaries (count three). Dkt. #1 at 10-19.

On November 5, 2009, the Court issued an order finding that Danny Carbajal is a required party under Rule 19(a). Dkt. #42 at 4. The Court required Plaintiffs to file an amended complaint naming Danny Carbajal as a defendant to the reformation claim asserted in count three. *Id.* at 5. Plaintiffs filed an amended complaint (Dkt. #48) and served process on Danny Carbajal (Dkt. #68).

Liberty and the Dorn Defendants have filed motions to strike the amended complaint on the ground that it contains a host of entirely new facts, claims, and allegations against Liberty and Dorn and Plaintiffs have not been granted leave to amend the complaint so extensively. Dkt. ##53, 63. Plaintiffs filed no response to the motions. Liberty has filed a reply brief, arguing in part that the Court should deem Plaintiffs' failure to respond a consent to the granting of the motions. Dkt. #76; *see* LRCiv 7.2(i). During a discovery conference held on February 2, 2010, counsel for Plaintiffs stated that he did not believe a response was necessary as the motions to strike lacked merit.

Although Plaintiffs should have filed a response within the time limits provided in the local rules, *see* LRCiv 7.2(c), the Court will not summarily grant the motions to strike. The Court instead will grant the motions on the merits.

The amended complaint (Dkt. #48) was filed pursuant to the Court's November 5, 2009 order (Dkt. #42). Rather than granting Defendants' motions to dismiss for failure to join a required party (*see* Dkt. ##32, 39), the Court permitted Plaintiffs to file an amended complaint naming Danny Carbajal as a defendant to the reformation claim asserted in count three. Dkt. #42 at 5. The Court did not grant leave to amend in any other respect. Defendants note, correctly, that the amended complaint adds a new ERISA claim, significantly revises other claims, and adds numerous allegations against Liberty and Dorn. The amended complaint is substantially different than the original one. For example, the original complaint is 10 pages long and consists of 56 paragraphs (Dkt. #1 at 10-19), while the amended complaint is 22 pages long and contains 121 paragraphs (Dkt. #48).

The Rule 16 Case Management Order filed on June 11, 2009, contains the following paragraph:

| | |
|---|---|
| 1 | 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **90 days** from the date of this Order. |
| 2 | |
| 3 | |

Dkt. #22 at 1. The deadline for filing motions to amend was therefore September 9, 2009. Plaintiffs amended complaint – which greatly exceeds the limited amendment permitted by the Court's order – was filed on November 21, 2009, more than two months after the deadline for amending pleadings.

A deadline established under Rule 16 "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Plaintiffs have made no attempt to show good cause to modify the Court's Rule 16 schedule. Nor have Plaintiffs demonstrated that leave to amend is appropriate under Rule 15.

The Court will grant the motions to strike the amended complaint. Dkt. ##53, 63. The original complaint (Dkt. #1 at 10-19) shall be amended (other than mere technical or grammatical changes necessary to the addition of Defendant Danny Carbajal) to include, at most, the following paragraphs of the amended complaint (Dkt. #48): paragraphs 6, 7, 15, 16, 20, 55, 58-59 (at page 17), and 60(b) and (c) but not subsections (a) and (d). The new amended complaint shall not include new claims or allegations against Liberty and the Dorn Defendants not contained in the original complaint. Plaintiffs shall file an amended complaint, consistent with this order, by February 12, 2010.

**IT IS ORDERED:**

1. Defendants' motions to strike amended complaint (Dkt. ##53, 63) are **granted**.
2. The Clerk is directed to strike the amended complaint (Dkt. #48) from the record.
3. Plaintiffs shall file a new amended complaint by **February 12, 2010**. Defendants shall have until **February 26, 2010** to file answers.
4. The applicable dates and deadlines set forth in the Case Management Order

(Dkt. #22) shall remain in effect.

5. The Court will address the motions for partial summary judgment (Dkt. ##37, 40) by separate order.

DATED this 4th day of February, 2010.

*David G. Campbell*
United States District Judge