**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Carbajal, a single man; Mary E. Carbajal, a widow,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>David A. Dorn and Jane Doe Dorn, husband and wife; Dorn Agency, Inc., an Arizona corporation; Liberty Life Insurance Co., a South Carolina corporation; and Danny Esquer Carbajal, a single man,<br><br>　　　　Defendants. | No. CV09-00283-PHX-DGC<br><br>**ORDER** |

Plaintiffs have a filed a motion to amend their complaint. The motion is fully briefed. Dkt. ##117, 120, 121, 137, 140, 144. No party has requested oral argument. For reasons that follow, the Court will deny the motion.

**I.    Background**

Plaintiff Michael Carbajal is a former professional boxer. Michael's brother, Defendant Danny Carbajal, managed Michael's boxing career and financial affairs as president of DMC Boxing, Inc. Pursuant to the terms of a DMC Boxing employment benefit program, several life insurance policies were purchased for Michael Carbajal and Mary Carbajal, Michael and Danny's mother. The policies were purchased from Defendant David Dorn, an agent of Defendant Dorn Agency, and are insured by Defendant Liberty Life Insurance Co. ("Liberty").

| | |
|---|---|
| 1 | At some point, the ownership of the insurance policies was changed from Michael and |
| 2 | Mary Carbajal to Danny Carbajal. The beneficiaries on Michael's policies were changed |
| 3 | from Michael's children to Danny's children. |
| 4 | Michael and Mary Carbajal initiated this action in state court, asserting claims against |
| 5 | the Dorn Defendants for breach of fiduciary duty and negligence. Dkt. #1 at 17-18. |
| 6 | Plaintiffs asserted an additional claim against Liberty for reformation of the policies to return |
| 7 | ownership to Michael and Mary Carbajal and to reinstate Michael's children as beneficiaries. |
| 8 | *Id.* at 18-19. The complaint alleged that Defendant Dorn conspired with Danny Carbajal to |
| 9 | fraudulently amend the insurance policies to allow Danny to exercise control over them. *Id.* |
| 10 | at 12-17. Danny Carbajal was not named as a defendant in the original complaint. *Id.* at 10. |
| 11 | Defendants removed the action to this Court on the ground that the insurance policies |
| 12 | were purchased as part of a qualifying employment benefit program under the Employee |
| 13 | Retirement Income Security Act of 1974 ("ERISA"). *Id.* at 1-4; *see* 29 U.S.C. § 1001, *et seq.* |
| 14 | On November 5, 2009, the Court issued an order finding Danny Carbajal to be a necessary |
| 15 | party under Federal Rule of Civil Procedure 19(a). Dkt. #42 at 4. The Court required |
| 16 | Plaintiffs to file an amended complaint adding Danny Carbajal as a defendant to the |
| 17 | reformation claim asserted against Liberty. *Id.* at 5. Plaintiffs did so. Dkt. #48. |
| 18 | Rather than simply adding Danny Carbajal as a defendant, however, Plaintiffs' |
| 19 | amended complaint asserted a host of new claims and new facts. *Id.* The Court granted |
| 20 | Defendants' motions to strike the amended complaint (Dkt. ##53, 63) and ordered Plaintiffs |
| 21 | to file another amended complaint, with strict instructions that permissible amendments were |
| 22 | limited to adding Danny Carbajal as a defendant to the reformation claim and alleging facts |
| 23 | necessary to support that claim (Dkt. #86). Plaintiffs filed a revised amended complaint that |
| 24 | complied with this order. Dkt. #103. |
| 25 | Plaintiffs have now filed a motion to amend the amended complaint. Dkt. #96. The |
| 26 | motion argues that amendment should be permitted because the Court's order to join Danny |
| 27 | Carbajal as a defendant allows Plaintiffs to pursue every claim they may have against Danny. |
| 28 | Moreover, Plaintiffs argue that joinder of Danny and all claims against him gives rise to new |

1 claims and allegations against Defendants Dorn and Liberty.  Finally, Plaintiffs argue that Rule 8(d) allows them to plead in the alternative, and joinder of Danny "virtually requires" Plaintiffs to add a new ERISA claim.

**II.     Rule 16 and Plaintiffs' Motion to Amend.**

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]"  Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.).  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Where that party has not been diligent, the inquiry ends and the motion is denied.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

In this case, the Court's Case Management Order established a deadline for amending pleadings and adding parties:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings.</u> The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **90 days** from the date of this Order.

Dkt. #22 at 1 (emphasis in original).  The order was entered on June 11, 2009, creating an amendment deadline of September 7, 2009.  At the Rule 16 conference where the deadline was set, the Court specifically noted that the deadline was longer than the 60 days usually allowed by the Court, but concluded that the additional time would afford the parties an opportunity to conduct discovery in order to make any amendment decisions that were necessary.  Court's Livenote Transcript, 6-10-09.

The Case Management Order contained this explicit warning:

> 10. <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

*Id*. at 5.  The Court called the parties' attention to this warning at the Rule 16 conference and cautioned that the Court would not "be inclined to grant extensions."  Court's Livenote

Transcript, 6-10-09. Thus, Plaintiffs were fully aware of the deadline for amending pleadings and the Court's intent to enforce that deadline.

The Court's clear warning notwithstanding, Plaintiffs' motion to amend was filed more than five months after the amendment deadline (Dkt. #96), more than one year after the case had been removed to this Court (Dkt. #1), and less than one month before the close of fact discovery (Dkt. #22). And the motion does not propose merely minor changes. Plaintiffs' proposed second amended complaint asserts claims for breach of fiduciary duty against the Dorn Defendants (count one) and Danny Carbajal (count two), a negligence claim against the Dorn Defendants (count three), a fraud and constructive fraud claim against Danny Carbajal (count four), a claim for aiding and abetting tortious conduct against the Dorn Defendants (count five), a reformation and reconstitution claim against all Defendants (count six), and an ERISA claim against all Defendants (count seven). Dkt. #96-3 at 17-27. It alleges facts never before seen in a pleading or motion in this action. *Id.* at 2-17. The 7-count, 145-paragraph proposed second complaint is a vast departure from the 3-count, 63-paragraph first amended complaint. *See id.*; Dkt. #103. Only the breach of fiduciary duty and negligence claims against the Dorn Defendants and the reformation claim against Liberty and Danny Carbajal are carried over from the amended complaint. Everything else is new.

Plaintiffs attempt justify this wholesale revamping of the litigation by suggesting that failure to assert the available claims against Danny Carbajal and the Dorn Defendants will result in preclusion of those claims in future proceedings. Plaintiffs also note that Rule 18 encourages parties to join all available claims in a single action. The relevant inquiry, however, is Rule 16's good cause standard, and that standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Plaintiffs have not been diligent in asserting their claims against Danny Carbajal. They have known from the start of this case that Danny Carbajal was at fault. Indeed, Plaintiffs' counsel asserted at the Rule 16 conference on June 10, 2009 – some eight months before the motion to amend was filed – that Danny Carbajal fraudulently obtained ownership of the insurance policies by forging Michael Carbajal's name. Court's Livenote Transcript,

6-10-09. Plaintiffs' primary allegation in the initial complaint was that Danny Carbajal stole the insurance policies from Michael and his mother with the complicity of the other defendants. *See* Dkt. #1 at 17. Moreover, before filing this lawsuit Plaintiffs filed at least two other lawsuits based on Danny Carbajal's alleged wrongdoing. Dkt. #144 at 3. Thus, Plaintiffs knew of Danny Carbajal's involvement in the events at issue in this case long before they sought to amend. The Court cannot conclude that Plaintiffs were unable to meet the amendment deadline through reasonable diligence. Plaintiffs therefore have not established good cause to extend the deadline.

Nor can Plaintiffs claim that the Court's order to add Danny Carbajal as a party to the reformation claim somehow alerted them to the other claims against Danny. As noted above, Plaintiffs had enough information to bring those claims when they filed this lawsuit. Because Plaintiffs have provided no reason other than the Court's order for their failure to meet the Court's amendment deadline, they have not shown good cause.

The same is true for the additional claims against the Dorn Defendants. Plaintiffs have made no showing that these claims could not have been brought earlier in the litigation. *See* Dkt. #144.

Plaintiffs argue that their newly pleaded ERISA claims should be allowed because the Court has not yet determined whether ERISA applies to this action, permitting Plaintiffs to plead the ERISA claims in the alternative. But Plaintiffs have known that there were ERISA issues in this case from the moment Defendants removed the case to this Court on the basis of ERISA – seven months before the Court's amendment deadline. Dkt. #1.

Finally, Plaintiffs contend that they deliberately chose not to name Danny Carbajal in this litigation because it would increase the complexity of the case. Dkt. #144. Once they were required by the Court to name him, they argue, it became necessary to add further claims and factual allegations. Because the Court's order requiring them to name Danny as a defendant was issued after the deadline for amending pleadings, they contend that good cause exists for the addition of other claims and factual allegations after that deadline. *Id*.

The Court is not persuaded. From the start of this case, Plaintiffs sought to reform the insurance policies to eliminate Danny's ownership. That Danny was a required party for such an action was entirely foreseeable. As the Court explained in its earlier order:

> Danny Carbajal is the named owner and beneficiary of the Liberty policies. Dkt. #1 at 13-14, 16. He previously has claimed an interest in the Liberty policies. Dkt. #33 at 4. A person in his position generally is a required party to a reformation claim. *See Stenhouse v. Jacobson*, 193 F. Supp. 694, 696 (N.D. Cal. 1961) (named insured, who the plaintiff alleged had no interest in policy benefits, was a necessary party under Rule 19); *see also Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or contract, all parties who may be affected by the determination of the action are indispensable."); *Va. Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998) (same). A decision that the Liberty policies should be reformed as requested in count three clearly would affect Danny Carbajal's interest in those policies. The resolution of count three in his absence may [also] subject Liberty to a risk of multiple or otherwise inconsistent judgments. *See Stenhouse*, 193 F. Supp. at 696.

Dkt. #42 at 4.

Given this law, Danny's eventual addition to this case was inevitable. Plaintiffs had ample reason to know they should assert their claims against him timely. They chose not to do so for tactical reasons. Dkt. #144. As this Court has held, however, "[a] tactical decision to delay does not merit good cause." *Long v. Ford Motor Co.*, CV 07-2206-PHX-JAT, 2009 WL 903404 at *3 (D. Ariz. Apr. 1, 2009); *see also Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986) (even under the liberal Rule 15 standard, court found no error in denying a motion to amend where the delay resulted from a tactical decision).

**III. Conclusion.**

This case has been complicated by Plaintiffs' failure to comply with their discovery obligations. *See* Dkt. ##74, 101, 107, 110, 119, 149. These difficulties notwithstanding, discovery is now largely complete and the parties soon will file motions for summary judgment. Dkt. #119. The Court will not permit Plaintiffs to revamp the entire case at this late date, particularly when they waited more than one year to bring claims that could have been brought at the outset of this case and missed the Court's amendment deadline by more than five months. Plaintiffs have not shown that they were unable to meet the deadline

| | |
|---|---|
| 1 | through reasonable diligence, and therefore have not established good cause to extend the |
| 2 | deadline under Rule 16.  Plaintiffs' motion will be denied. |

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.*

**IT IS ORDERED** that Plaintiffs' motion to amend (Dkt. #96) is **denied**.

DATED this 13th day of April, 2010.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge